IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ZACH WESTBROOK, ON BEHALF OF HIMSELF   §
AND OTHERS SIMILARLY SITUATED,   §
  §
    Plaintiff,   §
  §
VS.   §   CIVIL ACTION NO. _____
  §
ADVANCED SOLIDS CONTROL, LLC,   §
  §
    Defendants.   §

## REMOVAL OF CIVIL ACTION

Defendant Advanced Solids Control, LLC ("ASC") removes this case from the Fifth Judicial District Court of New Mexico to the United States District Court for the District of New Mexico. This Removal of Civil Action is filed pursuant to 28 U.S.C. §§ 1332, 1441(a), 1441(b) and 1446(a).

## INTRODUCTION

1.     On July 29, 2015, Plaintiff Zach Westbrook ("Westbrook") filed his Original Class Action Complaint for Damages Pursuant to New Mexico Minimum Wage Act styled Cause No. D-503-CV-2015-00868; *Zack Westbrook on behalf of himself and others similarly situated v. Advanced Solids Control, LLC*; In the Fifth Judicial District Court of New Mexico (the "Complaint"). The Complaint purports to assert claims for failure to pay overtime under Section 50-4-26 of the New Mexico Minimum Wage Act (the "NMMWA"). Copies of the pleading and papers filed in the Cause No. D-503-CV-2015-00868 of which ASC is aware are attached as Exhibit A.

2.      ASC is engaged in the business of (a) providing centrifuge and related equipment to oil and gas companies ("client" or "clients") to be used at well-site locations and (b) contracting with centrifuge technicians to provide solids control services at client well-sites.[1, 2]

## JURISDICTION AND VENUE

3.      This action is removable under 28 U.S.C. §§ 1441(a) and 1453 because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1332.  For the reasons set forth below, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because (1) it is a class action in which the proposed class includes at least 100 members, (2) the amount in controversy exceeds \$5 Million exclusive of interest and costs and (3) at least some members of the proposed class and ASC are citizens of different states.  Therefore, this action is removable pursuant to 28 U.S.C. § 1453 which provides a class action may be removed to federal court in accordance with the procedures set forth in 28 U.S.C. § 1446.

4.      Venue is proper in the District of New Mexico because the state court action was filed in the Fifth Judicial District Court of New Mexico which is located in this District.

## CITIZENSHIP OF THE PARTIES

5.      In his Complaint, Westbrook alleges he is a citizen of the State of Texas.  Approximately forty-two percent (42%) of the members of the proposed class are citizens of the State of New Mexico.  ASC is a Texas limited liability company with its principal place of business located in Corpus Christi, Texas and therefore, is a citizen of the State of Texas.

6.      Based on the allegations in the Complaint and from a review of its records, ASC determined members of the proposed class are residents of Arizona, Florida, Idaho, Indiana,

---

[1] *See* Declaration of Brenda Keeton ¶¶ 2-3, attached as Exhibit C.

[2] A Technician assists oil and gas well operators by monitoring, maintaining and repairing centrifuges which are pumps with an impeller or rotor, an impeller shaft and a casing which discharges fluid by centrifugal force.

2

Louisiana, New Mexico, Oklahoma, Oregon, Texas and Washington.[3]   Therefore, these technicians are citizens of Arizona, Florida, Indiana, Louisiana, Idaho, Indiana, New Mexico, Oklahoma, Oregon, Texas and Washington, respectively.   Approximately forty-two percent (42%) of the members of the proposed class resided in New Mexico during the time period from August 1, 2012 through July 31, 2015 (the "Time Period").[4]   The members of the class and ASC are citizens of different states and the minimal diversity requirement of 28 U.S.C. § 1332(d)(2) is met.

THE AGGREGATE NUMBER OF THE PROPOSED CLASS
UNDER 28 U.S.C. § 1332(d)(S)(B)

7.    In his Complaint, Westbrook defines the proposed "New Mexico Class" working in the Time Period as follows:

> [ASC] employed dozens of other solids control technicians in New Mexico who worked over forty hours per week with no overtime pay, were paid a shift-rate, and were classified - improperly - as independent contractors.   These New Mexico class Members performed the job duties described above and they were subjected to the same unlawful policies. The New Mexico Class Members are similarly situated to Westbrook.[5]

> All shift-rate solids control technicians who worked for [ASC] in New Mexico while classified as independent contractors in the last 3 years.[6]

(the "Time Period Technicians").   Based on these allegations and a review of its records, ASC determined the aggregate number of the proposed class of Time Period Technicians is at least 110 members[7] which is a number in excess of the 100 members required under 28 U.S.C. §

---

[3]  *See* Declaration of Brenda Keeton ¶ 7, attached as Exhibit C.

[4]  *See* Declaration of Brenda Keeton ¶ 7, attached as Exhibit C.

[5]  Complaint ¶ 27.

[6]  Complaint ¶ 28.

[7]  *See* Declaration of Brenda Keeton ¶ 7, attached as Exhibit C.

1332(d)(5)(B).

## AMOUNT IN CONTROVERSY
## UNDER 28 U.S.C. § 1332(d)(2)

8.     Although ASC denies all of Westbrook's material allegations in his Complaint, the amount in controversy exceeds the $5 Million jurisdictional threshold to a legal certainty by virtue of the Complaint's allegations and the sworn testimony referenced below.

### A. Unpaid Overtime

9.     Westbrook alleges ASC misclassified him and the Time Period Technicians as independent contractors instead of employees.[8] Westbrook claims ASC did not compensate him and the Time Period Technicians for overtime pay under Section 50-4-22(D) of the NMMWA and they are entitled to, among other things, overtime wages. Westbrook worked for ASC's clients in New Mexico during the Time Period in August 2012 and again in January and February of 2014.[9] According to Westbrook, he and the Time Period Technicians are "are similarly situated" and "they work[ed] 12 hours a day, 7 days a week, when they [were] 'on.'"[10]

10.     During the Time Period, at least 110 Time Period Technicians provided services as solids control technicians to oil and gas clients in New Mexico.[11] Based on ASC records, these 110 or more Time Period Technicians were collectively contracted and worked a total of at least 4,749.00 weeks during the Time Period (and, according to Westbrook, an average of 12 hours per day, seven days per week).[12] Westbrook alleges he is similarly situated to the Time

---

[8] Complaint ¶ 27.

[9] *See* Declaration of Brenda Keeton ¶ 8, attached as Exhibit C.

[10] Complaint ¶¶ 11, 27.

[11] *See* Declaration of Brenda Keeton ¶ 7, attached as Exhibit C.

[12] *See* Declaration of Brenda Keeton ¶ 9, attached as Exhibit C.

4

Period Technicians. Westbrook was paid a day rate of $300 and thus, alleges his regular rate of pay is $25 per hour (i.e., $2,100 divided by 84 hours).[13] Westbrook alleges he and the Time Period Technicians are entitled to overtime compensation at 1 and a half times the regular rate of pay, and based on Westbrook's day rate of pay, that amounts to $550 per work week (i.e., 44 weekly overtime hours times $12.50 per hour). If Westbrook succeeds in his claim that he and the Time Period Technicians were employed by ASC and worked the alleged hours for which they were not paid overtime, based on the allegations in the Complaint and the information provided in the Keeton Declaration, the potential overtime wage recovery under the NMMWA by Westbrook and the 110 or more Time Period Technicians will be or exceed $2,611,950.00 ($550 per week times 4,749.00 weeks).

**B. Liquidated Damages**

11.     In his Complaint, Westbrook claims because ASC did not pay overtime wages, he and the Time Period Technicians are entitled to liquidated damages in a total amount equal to two times the unpaid overtime wages, plus interest and including benefits, under Section 50-4-26(C) of the NMMWA.[14] Section 50-4-26(C) of the NMMWA provides:

> In addition to penalties provided pursuant to this section, an employer who violates any provision of Section 50-4-22 NMSA 1978 shall be liable to the employees affected in the amount of their unpaid or underpaid minimum wages plus interest, and in an additional amount equal to twice the unpaid or underpaid wages.

12.     Because Westbrook and the Time Period Technicians' potential recovery of unpaid overtime wages (without including interest) is $2,611,950, under Section 50-4-26(C) of the NMMWA, Westbrook and the Time Period Technicians are potentially entitled to three times

---

[13] *See* Declaration of Brenda Keeton ¶ 8, attached as Exhibit C.

[14] Complaint ¶ 37.

the amount of $2,611,950, or $7,835,850.[15]   This amount is in excess of the $5 Million jurisdictional threshold under 28 U.S.C. § 1332(d)(2).

## C.  Equitable Relief

13.   In his Complaint, Westbrook claims because ASC did not pay overtime wages under Section 50-4-22(D) of the NMMWA, he and the Time Period Technicians are entitled to injunctive relief requiring ASC to reclassify the Time Period Technicians as employees and enjoining ASC from classifying any of its Technicians as independent contractors.[16]   The potential cost of complying with such injunctive relief may be considered in calculating the amount in controversy.[17]

## D.  Attorney Fees

14.   According to Westbrook, as a result of ASC's failure to pay overtime wages under Section 50-4-22(D) of the NMMWA, he and the Time Period Technicians are entitled to attorneys' fees.[18]   Attorneys' fees may also be included in the amount in controversy if an underlying state statute authorizes their award.[19]   Section 50-4-26 of the NMMWA authorizes

---

[15] *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (including treble damages in calculation of the amount in controversy).

[16] Complaint at p. 7 Prayer ¶ 4.

[17] *Oklahoma Retail Grocers Assoc. v. Wal-Mart Stores, Inc.*, 605 F.2d 1155, 1159-60 (10th Cir. 1979) (holding that the cost of injunctive relief is an appropriate consideration for purposes of determining whether § 1332's amount in controversy requirement is satisfied); *Cox v. Allstate Ins. Co.*, No. CIV-07-1449-L, 2008 WL 2167027, at *2 n.5 (W.D. Okla. May 22, 2008) (concluding cost of injunctive relief is relevant to the computation of the amount-in-controversy under § 1332(d) even where monetary relief is sought by the plaintiff); *Yeroushalmi v. Blockbuster Inc.*, No. CV 05-225-AHM, 2005 WL 2083008 (C.D. Cal. July 11, 2005) (concluding in determining § 1332(d) jurisdiction, "it is proper to consider the cost of injunctive relief.").

[18] Complaint at p. 6 ¶ 2.

[19] *Miera*, 143 F.3d at 1340; *Salazar v. Geico Ins. Co.*, No. CIV 10-0118 JB/RLP, 2010 WL 229230, at *10 (D. N.M. April 27, 2010) (citing *Miera*, 143 F.3d at 1340) ("[t]he law is settled that the amount expended for attorneys' fees are a part of the matter in controversy for subject-matter-jurisdiction purposes when a contract or state statute provides for such fees").

6

an award of attorneys' fees to prevailing plaintiffs.

**E. Conclusion**

15.     Based upon foregoing, Westbrooks' Complaint allegations and ASC's sworn testimony, the amount in controversy in this collective action is in excess of the $5 Million jurisdictional threshold under 28 U.S.C. § 1332(d)(2).

CLASS ACTION

16.     Westbrook's Complaint and allegations constitutes a class or collective action as defined under 28   U.S.C. §§ 1332(d)(2) and 1453.     These statutory provisions a class or collective action is a civil action filed either under (a) Rule 23 of the Federal Rules of Civil Procedure or (b) a similar state statute or rule that authorizes one or more representative persons to maintain a class action. 28 U.S.C. §§ 1332(d)(2), 1453. In this case, Westbrook filed his Complaint in New Mexico state court and accordingly seeks certification under Section 50-4-26 of the NMMWA or New Mexico Annotated Rule 1-023, both of which authorize representative actions.     Additionally, as demonstrated above, there are at least 110 persons falling within the collective action definitions set forth in the Complaint.[20]

TIMELINESS OF REMOVAL

17.     Pursuant to 28 U.S.C. § 1446(b), a defendant must file its notice of removal within 30 days of receiving a copy of the complaint.   ASC was served a copy of the Complaint on September 11, 2015.[21]   ASC's notice of removal of the state court action is timely filed.

NOTICE OF REMOVAL TO
ADVERSE PARTIES AND TO STATE COURT CLERK

---

[20]  Complaint ¶¶ 27-28.

[21]  *See* Declaration of Darin Harding ¶ 3, attached as Exhibit D.

18.     Under 28 U.S.C. § 1446(d), ASC will give written notice of removal to Westbrook and to the Clerk of the Fifth Judicial District Court of New Mexico in the form found at Exhibit B.

## MISCELLANEOUS

19.     Westbrook demands a jury trial in the state court action.

20.     By filing this Removal of Civil Action, ASC does not waive its right to assert any other answer, right or defense.

21.     The following documents are attached to this Notice

| | |
|---|---|
| Exhibit A: | Copies of the citation received by ASC and all other papers in the file of the State Court Action. |
| Exhibit B: | Notice of Removal to the Fifth Judicial District Court of New Mexico |
| Exhibit C: | Declaration of Brenda Keeton |
| Exhibit D: | Declaration of Darin Harding |

WHEREFORE, Defendant Advanced Solids Control, LLC gives notice that Cause No. D-503-CV-2015-00868; *Zack Westbrook on behalf of himself and others similarly situated v. Advanced Solids Control, LLC*; In the Fifth Judicial District Court of New Mexico has been removed to this Court.

Respectfully submitted,

WAYNE CHEW, PC

By: *s/ Wayne Chew*
WAYNE CHEW
Attorney No. 500
20 First Plaza NW, Suite 517
Albuquerque, New Mexico 87102
Telephone: 505-842-6363
Facsimile: 505-842-8607
Email: wgchew@wgchewlaw.com

CRAIN, CATON & JAMES PC

MICHAEL D. SEALE[*]
State Bar No. 00784938
Federal ID No. 18556
1401 McKinney Street, Suite 1700
Houston, Texas 77010
Telephone: 713-658-2323
Facsimile: 713-658-1921
Email: mseale@craincaton.com

JULIANN H. PANAGOS[*]
State Bar No. 06861100
Federal ID No. 9083
1401 McKinney Street, Suite 1700
Houston, Texas 77010
Telephone: 713-658-2323
Facsimile: 713-658-1921
Email: jpanagos@craincaton.com

ATTORNEYS FOR DEFENDANT
ADVANCED SOLIDS CONTROL, LLC

[*] Pro Hac Vice Will Be Filed

9

## CERTIFICATE AND NOTICE OF FILING

The undersigned attorney of record for Defendant Advanced Solids Control, LLC certifies that on October 8, 2015, Notice of Removal of Action was sent to the District Clerk of Fifth Judicial District Court of New Mexico.

By: *s/ Wayne Chew*
Wayne Chew

## CERTIFICATE OF SERVICE

I certify that a copy of Defendant Advanced Solids Control, LLC's Removal of Civil Action was filed electronically with the Clerk via the CM/ECF system on the 8th day of October 2015. Notice of this filing will be sent to the following counsel of record in the manner stated.

VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED

S. Clark Harmonson
Harmonson Law Firm, P.C.
7170 Westwind Drive, Suite 201
El Paso, Texas 79912

By: *s/ Wayne Chew*
Wayne Chew

# EXHIBIT A

COPIES OF PAPERS FILED IN THE STATE COURT ACTION
AND SERVED ON ADVANCES SOLIDS CONTROL, LLC

- Summons

- July 29, 2015 Original Class Action Complaint for Damages Pursuant to New Mexico
  Minimum Wage Act

277973.1
000553.0512

# EXHIBIT B

- Notice of Removal filed with the Fifth Judicial District Court of New Mexico

# EXHIBIT C

- Declaration of Brenda Keeton

# EXHIBIT D

- Declaration of Darin Harding